Good morning, it pleases the Court, Terry Kohlke for Mr. Avery. Mr. Avery sent a letter to the District Court in which he said that his plea was constitutionally invalid. He said that he had been coerced and that he was innocent. He gave facts which were plausible, which were logical, and that if true, made his plea constitutionally invalid. The Court had two versions before it. One was during the plea colloquy in which Mr. Avery said, I am guilty, I was not coerced, this was voluntary. And the other in his letter in which he said that was a lie. He used the word lie. It was a lie. I was, in fact, coerced, and I, in fact, am innocent. And the judge before him at that point in time, before the sentence, had no means of telling which version was correct. Well, one was under oath, correct? That is correct. And, yes, I understand the case law says that that should be given priority, or it should be given deference. But that's not all that was in the letter. I mean, the judge could have fairly drawn that those statements were, you know, part of a plea for leniency. Right? That's a fair reading of the letter, isn't it? I think that a fair reading of the letter, Your Honor, is that they were both in there because he goes through about four pages in which he describes his background. And then he says, what does all of this mean? Well, what it all means is that I stood before you and lied. So, yes, it's a plea for leniency. In fact, at one point in time, he says, these other people who were actually guilty received less than five years. They lied, I'm innocent, and I certainly should be treated differently. So, yes, it's a you can call it a call for leniency, but, in fact, it is a statement that he has been coerced. I know if it's a plea for leniency, in a sense, you know, the judge doesn't have to go any further because, obviously, if he wants to just withdraw his plea of guilty, you know, you don't have to plead leniency. You don't grant or deny a motion to withdraw based on being lenient, right? Well, that certainly is correct. So in that sense, at least, you know, looking at it favorably from your point of view, it's kind of a contradictory letter written by a pro se, and, you know, the judge had to decide, well, what does he really mean, right? Yes. But I think when the letter states that quotes his trial attorney at length and uses language that is clearly abusive, clearly that is being intoned in a commanding harsh voice, clearly it is meant, the language is meant to overcome his will and bully him, he has quoted that language, and he's quoting it, and then he lists facts which show that he's innocent, and there are plausible facts. If that is in the letter, and if there is any truth to it, then that plea is void, constitutionally void. It is the district court's Rule 11 duty to ensure that the plea is valid. No. Plus, you know, plus at the sentencing, when he had the chance to speak, he didn't say, well, Judge, you're making a mistake because I want to change my plea. He never mentioned anything like that at the sentencing, did he? No. And that is why the language is that his right or his claim was forfeited, not waived, but forfeited. That is, he didn't object, and therefore, that is why we're using the plain air standard. But even under the plain air standard, this judge should have done something. Kennedy. Wait a minute. What was plain air? The plain air was that we have a defendant saying that he's coerced, that I'm innocent. And he gave plausible facts, and given those circumstances that the plea was in doubt, that the plea was constitutionally invalid, it is a plain air not to address the issue and say to Mr. Avery, is it true? Hold a hearing. The court could have held a hearing. That was the time to hold a hearing, when the memories are fresh, when it's easiest to judge the credibility of the witnesses, as opposed to waiting for a post-conviction hearing when months go by, when memories fade, when it's harder to reconstruct the act. When a defendant says, I've been coerced, this is unconstitutional. Well, if you want to look at plain air, though, you have to look at, I guess, the contents of the letter. And there's nothing in the letter, I think. Is there that the judge should have considered as a sufficient basis to withdraw his plea? Your Honor, I respectfully disagree. Well, what's the ground for withdrawing a plea of guilt at the end of the rule? The ground, if it's done before, the Rule 11 sets out three different time frames. One, if it's before the plea as an absolute right. If it's before the sentencing, it's by fair and just reason. Fair and just reason. Fair and just reason. And what's his fair and just reason? That he was coerced. The plea was invalid. He was coerced into doing this. And that he's innocent. We do have case law suggesting that when an attorney gives advice, even in very strong language, that's not coercion. And in reading what a lawyer told him, it sounded like it was correct, even though it was in strong language. And I respectfully would disagree. First of all, there's no precedent. And I would suggest the reason why there's no precedent is because when a defendant notifies a judge of facts like these, if they're true, when that happens and the defendant says, I've been coerced and I'm innocent, I suspect that all district judges immediately address the issue, have a hearing, find out what's going on, and that's why we don't get to these issues at court. Well, I can see it wouldn't be an abuse of discretion had the district court interpreted the letter broadly, generously, in light of the pro se nature of it as asking to withdraw the plea. There wasn't any, however, in the letter itself, there wasn't any specific request to do that. And so it's hard for me to say it was an abuse of discretion, let alone plain error, not to interpret it that way. And once again, irrespective of how the letter was titled, if in fact there was any truth to the claim, then the plea was unconstitutional. It was void in the language of the district court. The plea was void. The court cannot. It would be nearly impossible for me to prove my innocence, he says. And his argument is unsupported claims that it wasn't me, it was Cherie. It was my friend Cherie who did it, not me. I mean, just contrary to his statements under oath, there wasn't specific facts. It was just it wasn't me. Well, his statement under oath was simply a recitation of the elements. If you look carefully at his statements under oath, he simply recited the elements. He said, I aided and abetted a robbery. That's all he said, no facts. And in fact, there was this brief dialogue with the court in which his attorney told the court, my client was not inside that bank. And he does not know what happened inside. So there's really no change of mind. He said, my client's not, insists he was not in the bank. He doesn't know what happened. When my client was arrested, when Mr. Avery was arrested, he told the police, I don't know anything about this. There was never a change of mind. The point, again, to reiterate, is that the actual, he does go into detail in that on the record before this court is the only evidence against him was the uncorroborated statements of co-defendants who had pled guilty to bank robbery. When he was arrested, they found no evidence on him. There was no physical evidence linking him to the robberies other than the statements, the uncorroborated statements, at least in the record before us, of the co-defendants. So why I'm suggesting that it is plain error is because the court, in the record before it, had no way to judge which version was the correct version. And that is the time. That is the Rule 11 time to determine if there's any doubt about the constitutionality of the plea. How would you phrase the plain error that you're discussing here? What did the court do wrong? The court had evidence from quotes and evidence and a factual description from the defendant that his plea had been coerced, that what he said in court was a lie, and that given that, those facts, given that claim, the court had an obligation to make sure that there was not a miscarriage of justice and to inquire of Mr. Avery and the other participants whether or not there was any truth to that particular claim. So the court should have, on its own, conducted a hearing to determine whether his guilty plea should be set aside when that wasn't requested? Whether or not it was valid. Whether or not it was voluntary. All right. But you're saying the court had a duty to conduct that even though at a sentencing hearing there was no mention made that he was not guilty? Yes. Because he made those claims that it was a — the defendant made the claim directly to the judge that I lied to him, that I was coerced. He had a duty, an obligation to determine whether or not there was a doubt about the constitutionality of the plea before him. By the way, is there a — is it clear when this letter became a part of the record? I believe my colleague tried to find out, and I believe we don't know. Apparently, there was some possibility that it was timestamped, but that never came through. So we know it happened after the plea and before the sentencing, but apparently we do not know when it was sent to the judge. Were you the counsel at trial? No, I was not. All right. Is there any indication of whether defense counsel got the letter, and if so, when? In connection with the sentencing, I mean? Yes. This is not part of the record, and I did not make it part of the record. The letter was not part of the record, and I contacted Chambers and got Chambers to find it and make it part of the record. I do understand, again, this is not part of the record, but I do understand from contacting trial counsel that they also had a copy of it. You mean when they had a copy, you mean contemporaneously? Apparently. But I did not find out when they received it, but apparently contemporaneously they did receive it. But the record doesn't show. The record does not show that. When defense counsel received it. That is correct. When was it made a part of the district court's files, record? In the appellate process, when I heard from my client that the letter existed, I then contacted Chambers, described it, asked a clerk to find it. The clerk found it, sent me a copy. I then filed a motion with this Court to expand the record, and that's when it became part of the record. So do we know whether the district court actually saw this letter? It apparently was in Chambers. They knew about it. So whether or not the judge actually read it, no, we do not know. But it was in Chambers that we know. It was sent to the Court before the sentencing, and it was in Chambers, and that's where they found it. Addressed to the judge. Thank you. Thank you. We're way over time, but we'll give you a minute for rebuttal. Thank you very much. May it please the Court, Counsel. Michelle Caron for the Government. Your Honor, as you indicated, a fair reading of this letter that Mr. Avery sent to the rights at the sentencing, he waived his arguments that were outlined in the letter. And this Court has held that a waiver is a voluntary relinquishment of a known right. And this letter indicates that Mr. Avery understood that he could proclaim his innocence and move aside his guilty plea or inform the Court or his lawyer of such. And if this Court ---- Isn't it a fair inference that a person like this sends a, I don't know, a multi-page letter to the judge and gets no response? It's reasonable to assume that, well, the judge obviously doesn't believe me, so I'm not going to pursue it any further. That may be a fair inference for some pro se defendants. However, that is not a fair inference for this specific pro se defendant. Why is that? You will find in the record that this defendant represented himself and had co-counsel. He filed numerous motions pro se. In fact, in one of those motions, Your Honor, he subpoenaed and examined the appointed federal public defender of this district, Steve Wax. And during his argument on that motion, he argued with the judge that the judge was During the presentation by the government at the plea, at his entry of plea, the government ---- I was the trial court counsel. I gave my presentation of the facts that the government would demonstrate at trial. During my presentation, this pro se defendant interrupted me and asked to correct the facts. After my presentation, his lawyer made the corrected version of the facts to the judge. So this is a defendant who is very experienced, very confident. And you will also find in the record ---- Did he refer to the letter at all in the sentencing? He, meaning the defendant? No, he did not. And in fact, during the sentencing, in the sealed supplemental excerpt of records, you will see that a quarter of the transcript is Mr. Avery's presentation to the judge, asking again for leniency, telling the court about his circumstances, and why the court shouldn't impose a guideline sentence. In that presentation, at no point did Mr. Avery assert his innocence. At no point did the defendant indicate that he was coerced by his lawyer. And at no point did he indicate that he desired to withdraw his guilty plea. Again, he sought leniency from the judge and not a waiver of his guilty plea. I would like to address the issue about whether there was plain error. As I indicated, I think that this Court can dispose of this matter on the argument of waiver because waiver is not reviewable by this Court. But if the Court determines ---- How are you defining waiver? A voluntary relinquishment of a known right, Your Honor. On the record? Yes. There wasn't any here, was there? I'm sorry. I thought you meant on the record here. No. Before the district court. I don't think that it has to be on the record, Your Honor, for it to be a known relinquishment of a known right. And, in fact, the evidence before this Court is that Mr. Avery knew of his right to assert his innocence because his letter that he presented to the judge is the best evidence of that. That sounds like a forfeiture argument. His failure to assert it at the district court. This case is very similar to United States v. Sy, where the defendant wrote a letter asking the court to or asking the pre-sentence report writer to consider an enhancement. And at sentencing, they did not pursue the sentencing or the argument about the sentencing enhancement. And this Court held that that was a waiver for failing to assert it at the sentencing. The Supreme Court has told this Court we confuse the terms waiver and forfeiture. I understand, Your Honor. This sounds to me like a forfeiture case. If this Court determines that this is a forfeiture case, and, again, I believe that the evidence on the record is different than that, there was no plain error by the district court. The district court was not required to surmise from a ten-page letter that the defendant desired to withdraw his guilty plea. The letter didn't seek a withdrawal of his guilty plea. And there was no fair and just reason for the defendant to withdraw his guilty plea. Well, in the letter, what the opposing counsel says, he says in the letter, I'm innocent. He said in the letter, I lied under oath. And he said he did that because of coercion by his attorney. Well, this Court has held that unsupported claims of innocent are insufficient to withdraw a guilty plea. And if you look at the plain language of Mr. Kogan's statements to his client, these are true and accurate evaluation of the exposure Mr. Avery was facing at the time. This is a true assessment and good advice to the defendant to plead guilty. In order for the defendant to prevail on his coercion claim as a fair and just basis, he must demonstrate that the advice was outside the range of competence and prejudicial. There's nothing in the record that speaks of the tone, the purported tone by Mr. Kogan during this time. But again, this advice was sound and solid advice from Mr. Avery at this time. These statements to him were not prejudicial. The District Court was entitled, as this Court's precedence has held, that the defendant's sworn statements that he committed these robberies, the statements that he submitted in his plea petition, and upon questioning by the District Court, that those held more veracity than the unsupported statements in the defendant's letter. So the District Court was entitled to rely on those statements. They didn't need to – he didn't need to surmise Mr. Avery's intention. Well, see, the problem with the argument is maybe the District Court would be entitled to rely on it, but we don't know whether the District Court did or not, because the District Court, you know, never put anything on the record about, well, you know, I saw this letter. I frankly don't believe it, or I believe half of it. In other words, we don't know what the District Court relied on. Right? That's correct. But to prevail and reverse the defendant's conviction, the defendant has to demonstrate that there were, in fact, fair and just reasons in the letter for the court to sua spontae. If we had a – if he had a hearing and the opportunity to present those reasons. That's why he's saying, you know, I should have had a hearing on this letter. That's exactly what he's asking for. I understand that, Your Honor, but the unsupported claims of innocence that are outlined in the letter. Well, they're unsupported because he never had a hearing. What's the standard for getting an evidentiary hearing in this context? There are fair and just reasons to set aside the. So the letter would have to suggest a ground for there being fair and just reasons? Correct. And you're saying it doesn't? That's correct. Because they're simply unsupported statements of his innocence. His argument is essentially, it wasn't me. It was somebody else. And that is inconsistent with what he told the District Court. That is inconsistent with what he put in his plea petition. And so as a result, there are no fair and just reasons outlined in the letter for the court to have conducted a hearing or set aside the guilty plea. So you're saying, assuming that the District Court received the letter after the plea and reviewed it, and I think we have to assume that unless you have evidence to the contrary, then the letter did not include enough to trigger an obligation on the part of the court to hold an evidentiary hearing. Is that your position? It's not plain error based on the information in the letter that the court failed to do that. That is my position. All right. And as this Court said in Ensminger, that a guilty verdict is a grave and solemn act, and that once the plea is accepted, permitting withdrawal is the exception and not the rule. And we ask that you affirm the conviction of the defendant. Thank you. Thank you, Ms. Agambo. Just very briefly. The statement that was told by the statement, but not the statement that was provided by an attorney to the client, they were, you're on the beach and a tsunami is coming at you where you're standing. If you go forward, you will anger the court and lose and spend the rest of your life in prison. Do you want to spend the rest of your life in prison? I don't want you to spend the rest of your life in prison. Thank you. All right. The case of United States v. Avery is submitted. Thank you.
judges: Alarcon, Tashima, Ikuta